The opinion of the Court was delivered by
Inglis, A. J.
If the shares of the ward in the several estates of her father, and her brothers, Jesse C. and James P., or any of them, were received by the guardian, in whole or in part, in promissory notes or other choses in action, bearing interest, and such shares, as charged to the guardian, embraced interest then in arrear on any or all of such notes, &c., it was incumbent on the guardian to have distinguished in his appropriate return between the principal and such interest, or, at least, upon those who now represent him to have shown definitely at the hearing what part of such receipts, if any, was interest. In the absence of such showing at the proper time, it is not seen how the Commissioner could have done otherwise than he has done in charging the gross amount of each share as cash received, at its proper date. The very truth of things would certainly have required that the guardian, in his annual return next after the receipt thereof, should have stated exactly in what form the share of the ward came into his hands, and have charged and credited himself only with his actual cash receipts and disbursements, at the proper date of each. Not having done this, he must abide by the only means of information'which he has furnished.
The general rule of accounting is that the guardian, &c., *308 is not to be charged with interest on sums of money received for his ward during the year in which-they are received, but only on the balance found to remain in his hands upon making up his account at the end of the year. But this rule is subject to some qualifications and exceptions, under peculiar circumstances. "When sums of money, large compared with the current expenditures of the estate, are received, and there is no occasion to retain them to meet claims upon them, they ought to be invested, and not suffered to lie idle and unproductive. A reasonable time will, however, be allowed the guardian for making such investment, varying of course according to circumstances; and interest should be charged only after such time, unless it appear that interest has in fact been made sooner. (Baker vs. Lafitte, 4 Rich. 392.) In the present case, the sum of $1,195.02, received on the 15th November, 1851, within less than two months from the end of the year, and the sum of $421.38, received on the 15th July, 1853, ought not to bear interest from the date of receipt respectively, but only the annual balance appearing due at the end of that year thenceforward. The sum of $1,147.47, representing the share of the ward in the estate of her brother, James P., was received so early in the year 1863, as on the 23d February. From the account contained in the brief, it appears that there was at that time already in the guardian’s hands an interest-bearing fund of more than two thousand dollars, ($2,000,) the annual income from which far exceeded the current expenditures of each year, and there was therefore no need to retain any part of this considerable sum of money in hand. It ought to have been invested within a reasonable time, and, in the absence of any proof of special circumstances affecting his ability to obtain proper investments, a period of three months may fairly be allowed for this purpose. On this sum of $1,147.47, the guardian ought to be charged with interest only from the 1st June following its *309 receipt, (1863,) and not from 23d February, tbe day of its receipt.
Under tbe express provisions of tbe Act of Assembly of 1859, (12 Stat. 825,) the estate of the guardian ought to have been allowed the usual commissions, for the payment over by his executor of the balance of the ward’s money remaining in his hands at his death, inasmuch as the payment here is to be directly to the ward, and not to another guardian.
The declarations or statements of the guardian to the witness, J. J. Williams, when commissioning him to purchase Confederate bonds, in reference to-the proprietorship of the funds with which,- and tbe use for which, they were to be purchased, were properly admitted in evidence as part of the res pesias,-accompanying and giving character to the act. Put the recital of past transactions, though-having some relation to the act, was properly excluded. (Haynes vs. Rutter, 24 Pick. 242.) There is no j ust ground of exception to the Chancellor’s ruling in this particular.
In order to determine the fact and also the legal propriety, if made, of the alleged investment in Confederate bonds, it seems to tbe Court important, in the circumstances of this - case, that the precise time, when it is claimed the ward’s funds were originally so invested, should be ascertained. The Chancellor, in his decree, says this was in 1863, and refers for his authority for this statement to the return made after the guardian’s death by his executor in December, 1865. But upon examining the account of the guardianship contained in the brief, made up, it is presumed, from the guardian’s returns, it is found that ho date whatever is there assigned to this investment. Important parts of the testimony seem to make it probable that the original purchase of Confederate bonds, if any such was made at all for the ward’s estate, was in the spring of 1864. It would be unfortunate if the interest of *310 either party should be prejudiced by a mere inadvertence or mistake of fact on the part of the Chancellor touching the date of a transaction. Further inquiry on this point must be had.
It is ordered that the Commissioner of the Court of Equity for Lancaster District, where this cause is pending, restate the account of the guardianship in respect to the items of interest and commissions herein mentioned, in conformity with this opinion, and that he inquire and report to the Circuit Court particularly concerning the fact, and the dates and propriety of the investment, if made, of the ward’s funds in Confederate bonds, originally«and subsequently, and any special matter touching the same; and that the cause be remanded to the said Circuit Court for a further hearing and judgment on the matter,thus opened.
Circuit decree modified, and cause remanded.
Dunkin, 0. J., and Warelaw, A. J., concurred.

Decree modified.